IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY ADAMS and MITCHELL VAN NEST, On Behalf of Themselves and All Others Similarly Situated, | § § § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 4:15-cv-3291 |
| V. | § | |
| | § | JURY TRIAL DEMANDED |
| PATTERSON-UTI DRILLING COMPANY, LLC | § § | COLLECTIVE AND CLASS ACTION |
| | § | |
| Defendant. | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, RANDY ADAMS ("ADAMS") and MITCHELL VAN NEST ("Van Nest") (collectively "Plaintiffs"), on behalf of himself and all other similarly situated employees, files this Complaint against PATTERSON-UTI DRILLING COMPANY, LLC ("Patterson" or "Defendant"), showing in support as follows:

### I.     NATURE OF THE CASE

1.     This is a civil action brought by Plaintiffs pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 Pa. Cons. Stat. Ann. § 333.101, *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. Ann. §§ 260.1, *et seq.* ("PWPCL") (collectively "Pennsylvania State Law") for Defendant's failure to pay Plaintiffs time and one-half their regular rate of pay for all hours worked over 40 during each seven day workweek. Namely, Plaintiffs were not paid all overtime

wages owed because Defendant failed to include all remuneration required by the FLSA in calculating their regular rate of pay.

2.      Plaintiffs bring this action on behalf of themselves and as a FLSA collective action on behalf of all other similarly situated individuals ("Collective Action Members") who worked for Defendant as oilfield workers, were paid an hourly rate of pay, and like Plaintiffs, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward. Namely, Plaintiffs and Collective Action Members were not paid all overtime wages owed because Defendant failed to include all remuneration required by the FLSA in calculating their regular rates of pay.

3.      Plaintiffs and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

4.      Plaintiff Adams also brings a claim on behalf of himself and similarly situated current and former Pennsylvania employees of Defendant ("Pennsylvania Class Members") under Pennsylvania State Law for Defendant's failure to pay Plaintiff and Pennsylvania Class Members time and one-half their regular rates of pay for all hours worked over 40 during each seven day workweek. Defendant failed to include all remuneration required by the PMWA in calculating Plaintiff's and Pennsylvania Class Members' regular rates of pay. Defendant's failure to timely pay all overtime wages owed under the PMWA resulted in violations of the PWPCL. Plaintiff Adams and Pennsylvania Class Members file this claim as a class action pursuant to Federal Rule of Civil Procedure 23. The relevant time period for the Pennsylvania State Law claim is three years preceding the date this lawsuit was filed and forward.

5.      Plaintiff Adams and Pennsylvania Class Members seek all damages available under the PMWA and PWPCL, including back wages, liquidated damages, legal fees, costs, and post-judgment interest. These employees are similarly-situated under the class action provisions of Rule 23.

## II.       THE PARTIES, JURISDICTION AND VENUE

### A.      Plaintiff Randy Adams

6.      Plaintiff Adams is a natural person who resides in Jefferson County, Pennsylvania. He has standing to file this lawsuit.

7.      Plaintiff Adams was employed by Defendant as an hourly paid oilfield worker where he worked for Defendant on drilling rigs in Defendant's Appalachian Region, including significant work on Defendant's drilling rigs in and around Eighty Four, Pennsylvania.

8.      Plaintiff Adams is a former employee of Defendant whose dates of employment are approximately April 2, 2014 to June 3, 2015.

9.      Plaintiff Adams brings his claims on behalf of himself and the Collective Action, and the Pennsylvania Class Members.

### B.      Plaintiff Mitchell Van Nest

10.      Plaintiff Van Nest is a natural person who resides in Canyon County, Idaho. He has standing to file this lawsuit.

11.      Plaintiff Van Nest was employed by Defendant as an hourly paid oilfield worker where he worked for Defendant on drilling rigs in Defendant's Rockies Region, including significant work on Defendant's drilling rigs in and around Pinedale, Wyoming.

12.      Plaintiff Van Nest  is a former employee of Defendant whose dates of employment are approximately May 2014 to March 2015.

13.     Plaintiff Van Nest brings his claims on behalf of himself and the Collective Action.

### C.     <u>Collective Action Members</u>

14.     The putative collective action members are all current and/or former hourly oilfield worker employees of Defendant who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek. While their precise job duties might vary somewhat as oilfield worker employees (*i.e.* driller, derrick hand, motor man, floor hand, etc.), those differences do not matter for purposes of determining their entitlement to overtime pay. Because Defendant did not pay all overtime premium compensation to its hourly oilfield worker employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

15.     The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

### D.     <u>Pennsylvania State Law Class Members</u>

16.     The putative Pennsylvania State Law Class Members are all current and former hourly paid oilfield worker employees of Defendant who, like Plaintiff, worked for Defendant in the state of Pennsylvania and were not paid all overtime wages owed pursuant to the PMWA as a result of Defendant's failure to calculate their respective regular rates of pay in accordance with PMWA, and regulations related to the PMWA. Furthermore, as a result of that violation of the PMWA, the Pennsylvania State Law Class Members were not timely paid all wages owed by Defendant within the deadlines set forth in the PWPCL.

17.     While their precise job duties might vary somewhat as oilfield worker employees (*i.e.* driller, derrick hand, motor man, floor hand, etc.), those differences do not matter for purposes of determining their entitlement to overtime pay under the PMWA.

18.     The relevant time period for the claims of the Pennsylvania State Law Class Members is three years preceding the date this lawsuit was filed and forward.

**E.     Defendant Patterson-UTI Drilling Company, LLC**

19.     On information and belief, Defendant is a Texas limited liability company incorporated under the laws of the State of Texas.

20.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

21.     On information and belief, during the time period relevant to this lawsuit, Defendant's principal place of business is and has been at 450 Gears Road, Suite 500, Houston, Texas 77067. Defendant identifies that address as its corporate office.

22.     At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

23.     At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

24.     At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

25.     For example, Defendant employed two or more employees who regularly engaged in commerce in their daily work. Examples of that commerce include drilling rig work offered/provided by Defendant to customers in Texas and states other than Texas and

communications by phone, mail, and internet with customers/prospective customers in Texas and states other than Texas.

26.     Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, equipment and supplies/materials used in connection with drilling rig operations.

27.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

28.     Defendant may be served with summons through its registered agent, CT Corporation, 350 N. Saint Paul St., Suite 2900, Dallas, Texas 75201.

**F.      Jurisdiction and Venue**

29.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

30.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

31.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

32.     Venue is proper in the United States District Court for the Southern District of Texas because Defendant identifies that its main corporate office is located in this judicial district at 450 Gears Road, Suite 500, Houston, Texas 77067. On information and belief, that location is Defendants' principal place of business. Furthermore, a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district. Defendant transacted

business in this District and continues to transact business in this District. 29 U.S.C. § 2104(a)(5).

33.     Venue is proper in the Houston Division of the United States District Court for the Southern District of Texas because Defendant maintains business operations, including its main corporate office, in the Houston Division, a substantial part of the events giving rise to Plaintiff's claims occurred in the Houston Division, and on information and belief, Defendant's principal place of business is located within the Houston Division as identified above.

### III.   FACTUAL BACKGROUND

34.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

35.     During times relevant, Defendant employs/employed numerous oilfield workers in connection with its drilling operations throughout locations in the United States. Those workers work/worked on and/or in support of Defendant's drilling rigs which drill/drilled for oil and or natural gas.

36.     Plaintiff Adams was an hourly employee who worked on Defendant's drilling rigs in and around Defendant's Appalachian Region. Adams routinely worked in excess of 40 hours in a seven day workweek when working hitches that were typically two weeks on and two weeks off.

37.     Adams was a non-exempt employee of Defendant pursuant to the FLSA and the PMWA. When he worked more than 40 hours per seven day workweek, he was entitled to receive overtime premium compensation at the rate of one and one-half times his regular rate of pay for all such hours worked over 40.

38.    In addition to receiving hourly pay, Plaintiff Adams also received additional remuneration, including such things as oil based mud pay, per diem, performance-based bonuses and incentive bonuses.

39.    Although Defendant paid Plaintiff Adams overtime premium compensation for on-the-clock work at one and one-half times his hourly rate of pay, Defendant failed to include all remuneration required by the FLSA and PMWA in calculating Adams' regular rate of pay. This resulted in Adams not being paid all overtime compensation owed by Defendant pursuant to the FLSA and PMWA. Defendant's failure to pay all overtime wages owed pursuant to the PMWA in the timelines required by the PWPCL resulted in Defendant also violating the PWPCL.

40.    Adams worked with numerous other hourly oilfield worker employees of Defendant at/from/through the Eighty Four, Pennsylvania yard/site of employment. Like Adams, those employees routinely work/worked in excess of 40 hours per workweek, are/were entitled to overtime premium compensation at one and one-half times their respective regular rates of pay for all overtime hours worked, are/were paid additional remuneration, such as performance based bonuses and incentive bonuses, in addition to their hourly rates, and did not/do not receive all overtime compensation owed by Defendant due to Defendant not including all remuneration required by the FLSA and the PMWA in calculating their respective regular rates of pay. For the same reasons as Adams, this also resulted in violations of the PWPCL.

41.    Plaintiff Van Nest was an hourly employee who worked on Defendant's drilling rigs in and around Defendant's Rockies Region. Van Nest routinely worked in excess of 40 hours in a seven day workweek when working hitches that were typically two weeks on and two weeks off.

42.     Van Nest was a non-exempt employee of Defendant pursuant to the FLSA. When he worked more than 40 hours per seven day workweek, he was entitled to receive overtime premium compensation at the rate of one and one-half times his regular rate of pay for all such hours worked over 40.

43.     In addition to receiving hourly pay, Plaintiff Van Nest also received additional remuneration, including such things as oil based mud pay, per diem, performance-based bonuses and incentive bonuses.

44.     During times relevant, Defendant operates/operated drilling rigs in multiple locations throughout the United States, including Texas, North Dakota, Colorado, Wyoming, Oklahoma and Pennsylvania. On information and belief, Defendant employed, and continues to employee, hourly oilfield workers in those areas who are similarly situated to Plaintiffs and who, despite being entitled to overtime premium compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in a workweek as FLSA non-exempt employees, were not paid all overtime compensation owed due to Defendant's failure to include all remuneration required by the FLSA in calculating their respective regular rates of pay. Such remuneration includes performance based bonuses and incentive bonuses.

45.     Although Defendant has recently terminated many employees, on information and belief, it continues to employ hourly oilfield workers that are subject to the aforementioned practices/policies to not include all remuneration required by the FLSA and PMWA in their respective regular rate of pay when calculating the overtime wages owed.

## IV.    FLSA CLAIM

46.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section

### A.  CONTROLLING LEGAL RULES

47.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

48.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

49.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

50.     The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e)

51.     With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

52.     Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

**B.     PLAINTIFFS' CONTENTIONS**

*Plaintiffs' Original Complaint*                                                                                     10

53.     At relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

54.     At relevant times, Defendant is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

55.     Plaintiffs and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

56.     Plaintiffs and the putative Collective Action Members are/were paid an hourly rate of pay by Defendant in addition to other remuneration, such as performance based bonuses and incentive bonuses.

57.     At material times, Plaintiffs and the putative Collective Action Members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

58.     Defendant is/was required to pay Plaintiffs and the putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

59.     Defendant failed to pay Plaintiffs and putative Collective Action Members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

60.     The putative Collective Action Members are/were similarly situated to the Plaintiffs and to each other under the FLSA. 29 U.S.C. § 203(e).

61.     Defendant's violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiffs and the putative Collective Action Members were not paid time and one-half their respective regular rates of pay

for all hours worked over 40 in a seven day workweek. Plaintiffs and the putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

62.     Plaintiffs and the putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## V.      FLSA COLLECTIVE ACTION

63.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

64.     Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

65.     Plaintiffs seek to represent a collective action under 29 U.S.C. § 216(b) on behalf of themselves and all current and former hourly paid oilfield workers who are/were employed by Defendant and who are/were not paid all overtime compensation owed for all hours worked over 40 in each and every workweek due to Defendant's failure to include all remuneration required by the FLSA in calculating their respective regular rates of pay. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

66.     Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

67. Plaintiffs further reserve the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VI.   PENNSYLVANIA STATE LAW CLAIM

### A.  CONTROLLING LEGAL RULES

68. Employers employing employees in the state of Pennsylvania are generally required to pay those employees time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. 43 Pa. Cons. Stat. Ann. § 333.104(c).

69. Under Pennsylvania law, the regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to or on behalf of the employee. 34 Pa. Code §231.43.

70. "Every employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on regular paydays designated in advance by the employer. Overtime wages may be considered as wages earned and payable in the next succeeding pay period. All wages, other than fringe benefits and wage supplements, earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period." 43 Pa. Cons. Stat. Ann. § 260.3.

71. "Where wages [pursuant to 43 Pa. Cons. Stat. Ann. § 260.3] remain unpaid for thirty days beyond the regularly scheduled payday, or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a proper claim or for sixty days beyond the date of the agreement, award or other act making wages payable, or where

*Plaintiffs' Original Complaint*                                                                                   13

shortages in the wage payments made exceed five percent (5%) of the gross wages payable on any two regularly scheduled paydays in the same calendar quarter, and no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment, the employee shall be entitled to claim, in addition, as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater." 43 Pa. Cons. Stat. Ann. § 260.10.

**B. <u>PLAINTIFFS' CONTENTIONS</u>**

72.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

73.    At relevant times, Defendant is/was an eligible and covered employer of Plaintiff Adams and the putative Pennsylvania State Law Class Members under Pennsylvania State Law.

74.    Plaintiff Adams and the putative Pennsylvania State Law Class Members are/were paid an hourly rate of pay by Defendant in addition to other remuneration, including such things as oil based mud pay, per diem, performance-based bonuses and incentive bonuses.

75.    At material times Plaintiff Adams and the putative Pennsylvania State Law Class Members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

76.    Defendant is/was required to pay Plaintiff Adams and the putative Pennsylvania State Law Class Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek.

77.    Defendant failed to pay Plaintiff Adams and putative Pennsylvania State Law Class Members overtime compensation at one and one-half times their respective regular rates of

pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

78.     By failing to timely pay the overtime wages owed to Plaintiff Adams and the Pennsylvania State Law Class Members pursuant to the PMWA within the deadlines required by the PWPCL, Defendant also violated the PWPCL as to Plaintiff Adams and the putative Pennsylvania State Law Class Members.

79.     Defendant's violations of the PMWA and PWPCL are/were willful. At all material times, Defendant was aware that Plaintiff Adams and the putative Collective Action Members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek as required by the PMWA, and were not timely paid all wages owed as required by the PWPCL. Plaintiff Adams and the putative Pennsylvania State Law Class Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their PMWA and PWPCL claims.

80.     Plaintiff Adams and the putative Pennsylvania State Law Class Members seek all damages available for Defendant's violations of the PMWA and PWPCL.

**VII.     PENNSYLVANIA STATE LAW CLASS ALLEGATIONS**

81.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

82.     Plaintiff Adams brings his PMWA and PWPCL claims as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3).

83.     Plaintiff Adams seeks to represent a Class initially defined as: "All of Defendant's hourly paid oilfield worker employees who work/worked for Defendant in Pennsylvania and who are/were not paid all overtime wages required by the PMWA within the deadlines set forth in the

PWPCL." Plaintiff Adams requests the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification and/or amended pleading to the extent discovery reveals that the class definition should be modified.

84.    Plaintiff Adams' claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

85.    On information and belief, the Pennsylvania State Law Class Members exceed 300 in number, and joinder is therefore impracticable. The precise number of Pennsylvania State Law Class Members and their addresses are readily determinable from Defendant's records.

86.    There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

    a. Whether Defendant paid all wages owed to the Pennsylvania State Law Class Members as required by the PMWA;
    b. Whether Defendant's pay practices as to the Pennsylvania State Law Class Members violated the PWPCL; and
    c. The appropriate method to calculate damages under the PMWA and PWPCL for the Pennsylvania State Law Class Members.

87.    The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the PMWA and PWPCL claims.

88.    A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for

Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

89.     Plaintiff Adams is an affected former employee of Defendant who was not paid all overtime wages as required by the PMWA within the deadlines set forth in the PWPCL. Plaintiff Adams is, therefore, a member of the class. Plaintiff Adams is committed to pursuing this action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Plaintiff Adams is an adequate representative of the class and has the same interests as all of its members. Further, Plaintiff Adams' claims are typical of the claims of all Pennsylvania State Law Class Members, and Plaintiff Adams will fairly and adequately protect the interests of the absent members of that class. Plaintiff Adams and his counsel do not have claims or interests that are adverse to the Pennsylvania State Law Class Members.

## VIII.   JURY DEMAND

90.     Plaintiffs request a trial by jury with respect to all claims.

## VIII.   DAMAGES AND PRAYER

91.     Plaintiffs asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs and the Collective Action Members and Pennsylvania State Law Class Members be awarded a judgment against Defendant or order(s) from the Court for the following:

### FLSA and Pennsylvania State Law Claims

      a.   An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

      b.   An order certifying the Pennsylvania State Law Claims as a Rule 23 class action, and naming Allen R. Vaught as class counsel;

      c.   All damages allowed by the FLSA, PMWA and PWCL, including back overtime wages;

d.   Liquidated damages in an amount equal to back FLSA mandated wages;

e.   Liquidated damages pursuant to the PWCPL;

f.   Legal fees;

g.   Costs;

h.   Post-judgment interest;

i.   All other relief to which Plaintiffs and the FLSA Collective Action Members and Pennsylvania State Law Class Members are entitled.

Respectfully submitted,

By:      s/ Allen R. Vaught
          Allen R. Vaught
          Attorney-In-Charge
          TX Bar No. 24004966
          SD TX Bar No. 22757
          Ryan J. Burton
          TX Bar No. 24050362
          SD TX Bar No. 2580114
          Melinda Arbuckle
          TX Bar No. 24080773
          SD TX Bar No. 2629125
          Baron & Budd, P.C.
          3102 Oak Lawn Avenue, Suite 1100
          Dallas, Texas  75219
          (214) 521-3605 – Telephone
          (214) 520-1181 – Facsimile
          avaught@baronbudd.com
          rburton@baronbudd.com
          marbuckl@baronbudd.com

          ATTORNEYS FOR PLAINTIFF

*Plaintiffs' Original Complaint*                                                            18